## FULLMER et ux. v. PENNSYLVANIA R. CO.

(Circuit Court of Appeals, Third Circuit. December 5, 1910.)

### No. 1,417.

TRIAL (§ 252*)—INSTRUCTIONS—REFERENCE TO MATTER NOT IN EVIDENCE.

　　Where counsel for both parties on the argument of a case to the jury without objection referred to a matter not shown by the evidence, and assumed it to be a fact, it was not error for the judge to refer to it in his charge, particularly where, as the context shows, he was not referring to the facts, but to the arguments, and the jury could not have been misled.

　　[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action at law by Henry Fullmer and Susan Fullmer against the Pennsylvania Railroad Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

Kingsley Montgomery and A. B. Geary, for plaintiffs in error.
John Hampton Barnes, for defendant in error.

---

Before BUFFINGTON and LANNING, Circuit Judges, and CROSS, District Judge.

CROSS, District Judge.    Henry Fullmer and his wife, the plaintiffs below, sued the Pennsylvania Railroad Company to recover damages alleged to have been sustained by them on October 12, 1907, by reason of the alleged negligence of the defendant company in suddenly jerking and improperly starting one of its passenger trains into a car of which they were entering as passengers.    The husband claimed damages for the loss of his wife's services and companionship, and for the expenses he consequently incurred in caring for her, and the wife for her personal injuries.    The defendant pleaded not guilty, and the case was thereupon tried and a verdict returned for the defendant.

Four assignments of error are presented for consideration.    One is general, and to the effect that the court erred in entering judgment for the defendant on the verdict.    The other three relate to alleged errors in the charge of the court in bringing to the attention of the jury matters which were not in evidence.    All of the assignments are based upon the following exception to the charge:

"I desire to except to that part of your honor's charge in which your honor referred to the fact that no claim had been made for nearly two years."

It will be noticed that the exception is general, and it is evident from the opinion of the learned trial judge in denying a motion for a new trial that it did not clearly bring to his attention the precise point here argued, for in denying the motion he said:

"The court in its charge to the jury stated a fact which was not established by the evidence, but which had been asserted in the argument of defendant's counsel.    Plaintiff's counsel did not regard the statement of sufficient importance to take an exception to the court's charge in that particular, and call the court's attention to the matter that it might be corrected.    Having failed to comply with the rule of court in this regard, the court under the circumstances in this case is not inclined to view favorably the motion for a new trial, and it is therefore overruled."

The portion of the judge's charge complained of was induced in part by the fact that Mrs. Fullmer, notwithstanding opportunity was afforded her, did not complain of her injuries on the night of the accident, but chiefly by what was said by the respective counsel in summing up the case.    There was, as stated, direct evidence offered to show that Mrs. Fullmer did not at the time of the accident complain that she had been injured.    The defendant's counsel, however, failed in his argument to the jury to confine himself to that fact, but having examined the summons in the case, and finding that it was issued only 17 days before the expiration of the statute of limitations, proceeded to argue that its issuance constituted the first complaint made by her, but of this there was no evidence.

It does not appear, however, that any objection was made by plaintiffs' counsel at the time to what was said by the counsel of the defendant in the respect mentioned; on the contrary, it would seem that it was not only not objected to, but was answered by plaintiffs' coun-

sel. This appears from a portion of the judge's charge in which he said, "the plaintiffs say that they were not bound in law to make any claim." This manifestly was but a restatement of what the plaintiffs' counsel had urged in reply to the argument that no claim had been made. Furthermore, it is apparent throughout the portion of the charge objected to, which comprises nearly two printed pages, that the judge was referring, not so much to the evidence, as to the propositions which the respective counsel had argued before the jury. For instance, the court time and again therein used such phrases as "the defendant urges" and "the defendant claims" and "the plaintiffs say," and "it is urged by the plaintiffs." The frequent use of these terms conclusively shows that the court was simply laying before the jury the very points which had been argued and deemed of importance by the respective counsel. Under the circumstances the jury could not have been misled. The context sufficiently explained the judge's meaning. Furthermore, if the defendant's counsel made an argument to the jury which was unsupported by the evidence, the counsel of the plaintiffs should have requested the court to stop him, and if, notwithstanding the objection, he were allowed to proceed, the objectionable matter could have been taken down and an exception thereto then and there noted and sealed. As both counsel in their summing up referred, without objection, to the matter complained of, and assumed it to be a fact, we do not think it was erroneous for the judge to refer to it in the manner he did, particularly as the context shows that he was referring not to the facts of the case, but to the argument of counsel.

As this was the only error relied on, the judgment below will be affirmed, with costs.